IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY FAILS, | § | |
| #201484, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:22-CV-996-X-BK |
| | § | |
| IRS, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Anthony Fails, an inmate in the Florida Department of Correction ("FDOC"), filed an amended complaint against the Internal Revenue Service("IRS") and the FDOC, along with a motion for leave to proceed *in forma pauperis*. Doc. 11; Doc. 12. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017)

("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

The United States Court of Appeals for the Eleventh Circuit previously found that Fails had accrued three strikes under § 1915(g) and, thus, he was labeled a "three-striker under the Prison Litigation Reform Act . . . for purposes of future matters." *Fails v. Secretary, Dep't of Corrections*, No. 18-13831-D (11th Cir. Jan. 31, 2019). Likewise, other courts have found Fails was barred by three strikes. *See Fails v. Jones* , No. 3:16-CV-1239 (M.D. Fla., Sep. 30, 2016) (identifying three qualifying strikes:  No. 3:09-CV-15 (N.D. Fla. Sep. 30, 2016) (dismissed as malicious); No. 3:09-CV-33 (N.D. Fla. Feb. 18, 2009) (dismissed for failure to state a claim); No. 4:08-CV-471 (N.D. Fla. Jan 26, 2009) (same)).

Having accumulated three "strikes," § 1915(g) precludes Fails from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). In the case *sub judice*, Fails asserts that the IRS approved and issued three Economic Impact Payments ("EIP") as required by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). Doc. 11 at 4. Still, he contends that the FDOC improperly took the second and third checks in violation of the Takings Clause of the Fifth Amendment. Doc. 11 at 4; *see also* Doc. 8 at 1-2. Even when liberally construed, his complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  Fails is thus barred from proceeding *in forma pauperis* under § 1915(g).

## II. CONCLUSION

Accordingly, Fails' motion for leave to proceed *in forma pauperis* should be **DENIED** and this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. §

1915(g).  Such dismissal is with prejudice to Fails refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

**SO RECOMMENDED** on June 28, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).