UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY FAILS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-0996-X-bk |
| | § | |
| IRS, et al., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 13]. Plaintiff Anthony Fails, an inmate in the Florida Department of Correction ("FDOC"), filed suit *in forma pauperis* against the IRS and FDOC. The Magistrate Judge concluded that the "three-strike" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), bars Fails from proceeding in this action *in forma pauperis*. Section 1915(g) provides that a prisoner may not bring a civil action *in forma pauperis* if that prisoner has, on three or more prior occasions while incarcerated, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] The Magistrate Judge found that Fails

---

[1] 28 U.S.C. § 1915(g).

1

has accrued three strikes under § 1915(g) and that "his complaint is wholly devoid of any allegation of imminent danger of serious physical injury."[2]

Fails filed objections, arguing that § 1915(g) is inapplicable to the present action because it applies only to claims for monetary, not injunctive, relief, and he is only seeking injunctive relief.[3]  Fails's assertion that § 1915(g) does not bar claims for injunctive relief is baseless.  Section 1915(g) applies to all "civil action[s]" and the statute makes no distinction between claims for monetary relief and claims for injunctive relief.[4]  Fails does not respond to the Magistrate Judge's conclusion that he accrued three strikes and failed to allege imminent danger of serious physical injury as required by § 1915(g).  Nor does it provide any support for the assertion that § 1915(g) does not apply to this action.  Accordingly, the Court **OVERRULES** Fails's objection.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendations to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.   [Doc. No. 13].   Accordingly, the Court **DENIES** Fails' motion for leave to proceed *in forma pauperis* and **DISMISSES WITH PREJUDICE** this action.

---

[2] Doc. No. 13 at 2.

[3] Doc. No. 17 at 2.

[4] 28 U.S.C. § 1915(g).

**IT IS SO ORDERED,** this 15th day of February, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE